UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUMAPILI IKUSEGHAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MULTICARE HEALTH SYSTEM,

Defendant.

CASE NO. C14-5539 BHS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Multicare Health System's ("Multicare") motion to dismiss (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 7, 2014, Plaintiff Jumapili Ikuseghan ("Ikuseghan") filed a class action complaint against Multicare asserting causes of action for violations of the Telephone

ORDER - 1

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and invasion of privacy. Dkt. 1.

On August 7, 2014, Multicare filed a motion to dismiss. Dkt. 13. On August 25, 2014, Ikuseghan responded. Dkt. 15. On August 29, 2014, Multicare replied. Dkt. 16.

## II. FACTUAL BACKGROUND

Ikuseghan alleges that she received numerous, unsolicited calls and prerecorded messages on her cellular phone. Dkt. 1, ¶¶ 12–23. In June 2013, Ikuseghan was treated at a Multicare facility in Tacoma, WA. *Id.*, ¶ 16. Subsequent to that visit, Ikuseghan received multiple calls from Hunter Donaldson ("HD") regarding the possibility of alternative insurance for Ikuseghan's medical bills. *Id.*, ¶ 17–19. Ikuseghan alleges that (1) HD is an agent of Multicare, (2) Multicare knew that HD made prerecorded calls to Ikuseghan using automated telephone equipment and technology, and (3) Multicare failed to take any steps to stop HD's activities. *Id.*, ¶ 12

## III. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

*Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.  When deciding a motion to dismiss, the Court's consideration is limited to the pleadings.  Fed. R. Civ. P. 12(d).

In this case, Multicare argues that the Court should dismiss both of Ikuseghan's claims.  First, Multicare argues that Ikuseghan has failed to plead sufficient facts to state a claim for relief under the TCPA because she has failed to adequately plead an agency relationship and she failed to adequately plead that she did not consent to HD's calls.  Dkt. 13 at 5–13.  Both arguments are weak at best.  With regard to agency, Ikuseghan's allegations sufficiently put Multicare on notice of the basis of her claim based on the theory that HD was Multicare's agent.  Fed. R. Civ. P. 8.  With regard to consent, this issue is an affirmative defense based on a possible contract between the parties.  As such, the issue is not properly addressed in a motion to dismiss for numerous reasons, including the consideration of a contract that is outside of the complaint.  Therefore, the Court denies Multicare's motion to dismiss Ikuseghan's TCPA claim.

Second, Multicare argues that Ikuseghan fails to state a claim for an invasion of privacy as a matter of law.  Dkt. 13 at 14–15.  Under Washington law, an invasion of privacy claim exists against someone who "intentionally intrude[s] . . . upon the solitude or seclusions of another or his private affairs or concerns." *Mark v. King Broadcasting Co.*, 27 Wn. App. 344, 354–55 (1980) (quoting Restatement (Second) of Torts § 652B).  While Multicare cites a Washington Supreme Court case from 1947 for the proposition that Ikuseghan's claim fails as a matter of law, the times, technology, and law have significantly changed since then.  In fact, some courts have concluded that the plaintiff

1 stated a valid invasion of privacy claim based on multiple prerecorded phone calls.  *See,*
2 *e.g., Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011).  Therefore, the Court is unable
3 to conclude that Ikuseghan's claim fails as a matter of law.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Multicare's motion to dismiss (Dkt. 13) is **DENIED.**

Dated this 22nd day of September, 2014.

BENJAMIN H. SETTLE
United States District Judge