THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUMAPILI IKUSEGHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MULTICARE HEALTH SYSTEM, a Washington nonprofit corporation<br><br>Defendant. | NO. 3:14-cv-05539-BHS<br><br>**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

This matter came before this Court on July 25, 2016, for final approval of the settlement embodied in the Class Action Settlement Agreement (the "Settlement Agreement") between Plaintiff Jumapili Ikuseghan ("Plaintiff") and Defendant MultiCare Health System ("Defendant") (collectively, the "Parties").

The proposed Settlement provides for a Settlement Fund of $2.5 million from which Class Members are entitled to at least *pro rata* distributions of up to $2,500 for the first five pre-recorded robocalls received from Hunter Donaldson, LLC made on behalf of Defendant, with potential for additional distributions thereafter for every call after the fifth call.

At the conclusion of the preliminary approval hearing, this Court entered an Order Granting the Stipulated Motion for Preliminary Approval of the Proposed Class Action Settlement, which also approved the proposed notice plan and forms of notice for the proposed

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992

1  Settlement and scheduled the Final Approval Hearing for July 25, 2016 (the "Preliminary
2  Approval Order").

3  On March 18, 2016, in conjunction with Plaintiff's Motion for Final Approval of Class
4  Action Settlement, the Court-appointed Settlement Administrator and notice-provider, A.B.
5  Data, Ltd. ("A.B. Data"), filed a declaration confirming the timely distribution to the
6  Settlement Class of the Settlement Notices and Claim Forms by mail and internet as required
7  by the Preliminary Approval Order and Settlement Agreement.

8  On July 15, 2016, in conjunction with Plaintiff's Motion for Final Approval of Class
9  Action Settlement, A.B. Data filed a supplemental declaration reporting that, following the
10 distribution of the Court-ordered notices, it has received robust responses and approved 487
11 Claim Forms from 24 states, with the current estimated payment per Class Member calculated
12 to be $2,500, and confirming it will continue to receive and process Claim Forms and
13 submitted updated Claim reports to Class Counsel and counsel for the Defendants through the
14 August 24, 2016 Claims Deadline.

15 On July 25, 2016, this Court held a fully-noticed and formal fairness hearing to consider
16 whether to grant final approval to the Settlement, and to consider Class Counsel's application
17 for an award of attorneys' fees and costs.  The Court conducted a hearing, during which the
18 Court heard argument from the parties and all others who appeared, whether represented by
19 counsel or not.

20 Having read, reviewed and considered the papers filed with this Court, the oral
21 arguments of counsel, and the written and oral objections and comments of all those who have
22 appeared in these proceedings, and based on its familiarity with this matter, this Court finds and
23 concludes as follows:

24 **I.    THE CLASS NOTICE COMPLIED WITH THIS COURT'S ORDERS AND APPLICABLE LEGAL STANDARDS**
25
26 On February 17, 2016 this Court ordered that Class Notice be disseminated in
27 substantially the form submitted by Plaintiff at the preliminary approval hearing, and further

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206-682-2992

specified the manner in which such dissemination should occur. Based upon the uncontroverted proof that A.B. Data submitted to the Court on March 18, 2016, this Court finds that the settling parties have complied with the Court's Orders, as follows:

The Court-approved Notice was mailed directly to 3,041 Class Members, whose identities and addresses were ascertained through expert research and analysis by A.B. Data.

Further, A.B. Data, the Court-approved Settlement Administrator, established a Court-approved website, www.multicarerobocallsettlement.com, where Class Members can download and/or submit a Claim Form and obtain information regarding the Settlement.

The Settlement Administrator has established a toll-free helpline for Class Members who wished to learn more about the Settlement or request written Notice or Claim Forms.

Defendant provided notice of the Settlement Agreement to the U.S. Attorney General and the Attorney Generals of all forty-nine states in which Class Members reside, as required by 28 U.S.C. § 1715.

This Court finds that the Notice Program as a whole (1) constituted the best practicable notice under the circumstances, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, and (3) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.

The Notice clearly described the boundaries of the Class definition, the basis for the lawsuit, the terms and provisions of the Settlement, the remedies available to Class Members, the proposed method for benefit distribution, details of the proposed Class Representative incentive award, the requested percentage of the Settlement Fund Class Counsel seeks, and the costs award Class Counsel requests.

The Notice described the proposed Settlement with enough specificity to allow each Class Member to make an informed choice whether to (a) accept and participate in it; (b) opt

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992

out of it to preserve the right to bring a separate action; or (c) object to it. The Notice explains the procedure by which a Class Member can take any such action. Finally, the Notice provides the schedule for the Final Approval Hearing, and informs Class Members how to obtain additional information from Class Counsel or the Settlement Administrator about the Settlement.

Accordingly, the Court finds and concludes that the method and content of the Notice met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court, thereby satisfying all applicable legal requirements.

## II. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE

When considering a motion for final approval of a class action settlement under Rule 23, Fed. R. Civ. P., the Court's inquiry is whether the settlement is "fair, adequate, and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). A settlement is fair, adequate, and reasonable when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* (5th) § 11.157, citing *Manual for Complex Litigation* (4th) § 21.62. The decision to approve or reject a proposed settlement is committed to the Court's sound discretion. *City of Seattle,* 955 F.2d at 1291.

In affirming the settlement approved by the trial court in *City of Seattle*, the Ninth Circuit noted that it "need not reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *City of Seattle* at 1291 (citation omitted). The district court's ultimate determination "will involve a balancing of several factors," which may include:

> the strength of plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT (3:14-CV-05539 BHS) - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992

     action status throughout the trial; the amount offered in settlement;
the extent of discovery completed, and the stage of the
proceedings; the experience and views of counsel . . . and the
reaction of the class members to the proposed settlement.

*Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

    This Court begins its analysis with a presumption that a class settlement is fair and should be approved if it is the product of arm's-length negotiations conducted by capable counsel with extensive experience in complex class action litigation. *See M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987) (citing *Manual for Complex Litigation* (2d) § 30.41; *In re Consolidated Pinnacle West Securities*, 51 F.3d 194, 197 n. 6 (9th Cir. 1995). Each of these factors is present here: Class Counsel has extensive experience in class action litigation, and Class Counsel reached the Settlement with Defendant only after vigorous litigation, extensive arm's-length mediation facilitated by the Honorable Bruce Hilyer (Ret.), and additional subsequent direct negotiation about the specific terms of the Settlement. (*See* Declaration of Kim D. Stephens submitted in support of Plaintiff's and Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Incentive Award to the Class Representative ("Stephens Decl.")).

    Further, the Court has considered the factors set forth in *City of Seattle* to determine whether the proposed Settlement warrants final approval. The Court finds, based on the record submitted, that the Settlement is fair, adequate, and reasonable in light of, *inter alia*, the following factors:

    1. <u>Whether the Settlement is the product of serious, informed and arm's-length negotiations</u>

    Arm's-length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements. *See M. Berenson Co., Inc.*, 671 F. Supp. at 822. Mediation of this case began after the parties exchanged discovery and pursued third-party discovery, after this Court granted an Order Certifying the Class, and after the parties briefed Defendant's motion for summary judgment on the potentially dispositive issue of consent. Had Defendant prevailed on its summary judgment motion and the consent issue been decided against the

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992

1  Class, the Class would likely get nothing (absent a successful appeal).  Had the Class defeated

2  the summary judgment motion, Defendant potentially faced substantial exposure to damages

3  (absent a successful appeal), although it had other defenses both on the extent of the damages

4  and on liability (e.g., the requirement that plaintiffs prove agency).  Because of the foregoing,

5  the parties had sufficient information to evaluate the strength and weakness of the Class's case

6  and Defendant's defenses.  Against this backdrop, the parties agreed to mediate.  (Stephens

7  Decl., ¶ 9.)  The parties conducted a mediation with Judge Bruce Hilyer (Ret.) on December

8  23, 2015, and again on January 12, 2016.  Shortly thereafter, through additional direct

9  negotiation, the parties reached the proposed settlement.  (*Id*., ¶ 10.)  In negotiating this

10 Settlement, Class Counsel had the benefit of years of experience combined with its familiarity

11 with the facts of this case.  (*See* Stephens Decl.)  Based on the foregoing, the proposed

12 Settlement is the result of intensive, arm's-length negotiations between experienced attorneys

13 who are familiar with class action litigation in general and with the legal and factual issues of

14 this case in particular.

15        2.   Whether the Settlement provides substantial relief for Class Members

16        The Settlement provides substantial relief for Class Members.  Under the proposed

17 Settlement, all 3,041 Class Members from 49 states who received one or more robocalls from

18 Hunter Donaldson are entitled from a Settlement Fund of $2.5 million to payments of up to

19 $2,500 on a *pro rata* basis (Tier 1 distribution), and for Class Members who received more than

20 five calls, additional compensation of up to $500 per call for every call after the fifth call (Tier

21 2 distribution), except that Class Members eligible to receive a Tier 2 distribution who owe

22 Defendant money for unpaid medical bills will have their debt to MultiCare extinguished in the

23 amount of the Tier 2 payment, with Defendant being reimbursed from the fund in those

24 amounts.  Class Members may submit a simple claim to request the available relief.  The

25 recovery for Class Members is potentially as much or more than what the Class Members may

26 have recovered in individually-litigated cases, and exceeds class member recoveries in recently

27

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

approved TCPA class action settlements. *See Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493-94 (N.D. Ill. 2015) ($30 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) ($35 per claimant); *Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 WL 4273358, *10 (N.D. Cal. Aug. 29, 2014) ($20 to $40 per claimant).

      3.    <u>Whether the Settlement treats all Class Members fairly</u>

The proposed Settlement provides monetary payments to all Class Members and treats similarly-situated Class Members the same. Any difference in the amounts paid from the fund will be a function of how many robocalls a Class Member received, or whether Defendant has a valid, outstanding bill for hospital services rendered to a Class Member. Absent the Settlement, the Class would have had to obtain a class judgment against Defendant, which was not a guaranteed outcome, especially when considering Defendant's affirmative defenses. Moreover, the outcome of trial and any appeals are inherently uncertain and involve significant delay. The Settlement avoids these challenges and provides prompt, substantial relief for Class Members, which weighs in favor of final approval of the Settlement.

      4.    <u>The Views of Class Counsel</u>

When assessing the fairness of a proposed settlement, the court must consider the views and experience of counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Class Counsel in this case, who are experienced and skilled in class action litigation, support the Settlement as fair, reasonable, and adequate, and in the best interests of the Class as a whole. (*See* Stephens Decl.) Based on a review of Class Counsel's credentials and their bases for supporting the Settlement, the Court finds this factor weighs in favor of Settlement Approval.

      5.    <u>The Expense and Likely Duration of Litigation in the Absence of Settlement</u>

Another factor to consider in assessing the fairness of settlements is the complexity, expense, and likely duration of the litigation without settlement. *City of Seattle*, 955 F.2d at 1291-92. As discussed, the Settlement guarantees a substantial recovery for the Class while

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT (3:14-CV-05539 BHS) - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992

obviating the need for lengthy, uncertain, and expensive pretrial practice, trial and appeals. Even if the Class were to prevail at trial, Defendant would likely appeal any adverse rulings against it. Absent the proposed Settlement, Class Members would likely not obtain relief, if any, for a period of years.

6. <u>The Presence of Good Faith and the Absence of Collusion</u>

This Court also considers the presence of good faith and the absence of collusion on the part of the settling parties. *Newberg on Class Actions* § 13.45. This Court recognizes that arm's-length negotiations conducted by competent counsel are prima facie evidence of fair settlement. *See M. Berenson*, *Co., Inc.*, 671 F. Supp. at 822 (holding that where "a proposed class settlement has been reached after meaningful discovery, after arm's-length negotiations by capable counsel, it is presumptively fair.") The Settlement here is the result of intensive, arm's-length negotiations between experienced counsel highly familiar with class action litigation in general and with the legal and factual issues of this case in particular. The parties conducted thorough discovery and this Court granted class certification before the parties fully briefed Defendant's motion for summary judgment. This Court continued the hearing on the summary judgment motion so the parties could conduct two mediation sessions with the Hon. Bruce Hilyer. Subsequent direct negotiation finally resulted in the Settlement Agreement before this Court. (Stephens Decl., ¶ 10.) There is no indication or allegation of collusion or bad faith here.

7. <u>Class Counsel Seeks Reasonable Fees</u>

One final matter for the Court to consider in granting final approval to the Settlement is the issue of attorneys' fees and costs. The Court has considered Plaintiff's and Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Incentive Award to the Class Representative, submitted for consideration with the final approval of the proposed Settlement, and by separate Order awards Class Counsel its attorneys' fees and costs and an incentive award to the Class Representative. That Order shall be incorporated by reference in this

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Judgment.

\* \* \* \* \* \*

Accordingly, the entire matter of the proposed Settlement having been duly noticed, and having been fully considered by the Court,

**IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Class Settlement Agreement previously filed with this Court (Dkt No. 63-1).

2. This Court finds that Notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order. The Court finds the Notice (1) constituted the best practicable notice under the circumstances, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice, and (4) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court, thereby satisfying all applicable legal requirements.

3. The Court finds it has personal jurisdiction over all Class Members and subject matter jurisdiction over all the claims asserted in the Complaint and to approve the proposed Settlement, including all exhibits attached to the Settlement Agreement.

4. The Court approves the proposed Settlement of this Class Action and the Settlement Agreement as fair, reasonable and adequate as to, and in the best interests of, the Class Members, in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The relief with respect to the Class Members is appropriate, as to the individual members of the Class and as a whole.

5. The Court directs the Parties and their counsel to implement and consummate

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the Settlement Agreement according to its terms and conditions.

6. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Agreement) that (1) are consistent in all material respects with the Final Judgment; and (2) do not limit the rights of Class Members.

7. The Settlement is binding on, and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings by or on behalf of Plaintiff and all other Class Members and Releasing Parties as defined in the Settlement Agreement. The Settlement Class is defined as the class certified by the Court's July 29, 2015 Class Certification Order and defined therein as "all persons who received medical treatment at a MultiCare facility, who signed MultiCare's Financial Agreement and Conditions of Treatment forms, and to whose cellular telephone number Hunter Donaldson made a call on behalf of MultiCare through the use of an automatic telephone dialing system or an artificial or prerecorded voice at any time on or after July 7, 2010." Excluded from the class are Defendant, the officers and directors of Defendant, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

8. There are no objections to the Settlement.

9. No Class Members have opted out of the Settlement.

10. All Class members who have not been properly excluded from the Class are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the claims that are released by this Settlement or barred by the entry of the Final Judgment in this action.

11. The obligations incurred pursuant to the Settlement Agreement fully and finally

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 10

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992

dispose of the Action and any and all Released Claims, as against all Released Parties, as defined by the Settlement Agreement. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this Order of Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

12. The Court finds the Class Representative and Class Counsel adequately represented the Class for purposes of entering into and implementing the Settlement Agreement.

13. The Court has considered Plaintiff's and Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Incentive Award to the Class Representative, submitted for consideration with the final approval of the Settlement, and by separate Order signed today awards Class Counsel its attorneys' fees and costs and an incentive award to the Class Representative.

14. The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorneys' fees to any party except as otherwise provided in this Court's Order Granting Plaintiff's and Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Incentive Award to Class Representative. That Order, when entered, shall be incorporated by reference in this Judgment. The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Settlement Agreement.

15. Without affecting the finality of this Order of Final Judgment for purposes of appeal, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, including the rights of Class Counsel to seek attorney fees, costs, and an incentive award to the named Plaintiff as provided in the Settlement Agreement, and for any other necessary purpose.

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 11

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992

**IT IS SO ORDERED.**

DATED this 25th day of July, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge

FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(3:14-CV-05539 BHS) - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206-682-2992