UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUMAPILI IKUSEGHAN,

Plaintiff,

v.

MULTICARE HEALTH SYSTEM,

Defendant.

CASE NO. C14-5539 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD

This matter comes before the Court on Plaintiff Jumapili Ikuseghan's ("Ikuseghan") motion for attorneys' fees, expenses, and incentive award (Dkt. 65). The Court has considered the pleadings filed in support of and in opposition to the motion, oral argument, and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On July 7, 2014, Ikuseghan filed a class action complaint against Defendant MultiCare Health System ("MultiCare"), alleging MultiCare violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Dkt. 1. On August 7, 2014, MultiCare moved to dismiss. Dkt. 13. After full briefing, the Court denied MultiCare's motion. Dkt. 17.

On May 21, 2015, Ikuseghan moved for class certification, which MultiCare opposed. Dkts. 29, 35. On July 29, 2015, the Court granted class certification and appointed Ikuseghan as class representative and Tousley Brain Stephens PLLC as class counsel. Dkt. 41.

On October 15, 2015, MultiCare moved for summary judgment. Dkt. 47. After the motion was fully briefed, the parties agreed to mediate. Dkt. 66, Declaration of Kim Stephens ("Stephens Dec.") ¶ 9. The parties notified the Court they had reached a settlement on January 20, 2016. Dkt. 61.

On February 16, 2016, the parties jointly moved for preliminary approval of the settlement agreement, which the Court granted. Dkts. 62, 64. On March 18, 2016, Ikuseghan moved for final approval of the settlement agreement. Dkt. 67. That same day, Ikuseghan moved for attorneys' fees, expenses, and an incentive award. Dkt. 65. On March 28, 2016, MultiCare responded, but took no position as to Ikuseghan's requests. Dkt. 69.

On July 25, 2016, the Court held a hearing and approved the final settlement. Dkt 74. The settlement creates a $2.5 million fund. Dkt. 73. In the first compensation tier, class members who received one or more robocalls will receive up to $2,500 on a *pro rata* basis for the first five calls. *Id.* at 1. If funds remain, the next compensation tier will provide class members who received more than five robocalls with additional compensation up to $500 per call. *Id.*

At the hearing, the Court requested additional briefing on attorneys' fees. Dkt. 74. On August 1, 2016, Ikuseghan filed a supplemental brief. Dkt. 75.

## II. DISCUSSION

Ikuseghan seeks an award of $825,000 in attorneys' fees and $26,986.90 in expenses for class counsel, as well as an incentive award of $15,000 for serving as class representative. Dkt. 65.

### A. Attorneys' Fees

"While attorneys' fees and costs may be awarded in a certified class action . . . courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In the Ninth Circuit, district courts may award fees in common fund cases like this one under either the lodestar method or the percentage-of-recovery method. *Id.* at 942. Ikuseghan seeks attorneys' fees under the percentage-of-recovery method. Dkt. 65 at 12. The Court agrees this method should be used in this case. *See In re Bluetooth Headset*, 654 F.3d at 942.

Under the percentage-of-recovery method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ." *Id.* "The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id.* Factors that may be relevant to this determination include: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by

the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008). Ultimately, the fee award must be "reasonable under the circumstances." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994).

Here, the requested attorneys' fees represent 33% of the settlement fund. Ikuseghan argues district courts frequently grant fee awards of 33% in TCPA class actions. Dkt. 75 at 3. To support this argument, Ikuseghan points to data from seventy-three TCPA class action settlements compiled by class counsel pursuant to Judge Holderman's order in *Wilkins v. HSBC Bank Nev., N.A.*, 1:14-cv-0190-JFH, Dkt. 94 (N.D. Ill. Nov. 21, 2014).

Judge Holderman analyzed the *Wilkins* data in another TCPA class action, *In re Capital One Telephone Consumer Protection Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015). In doing so, Judge Holderman determined the base rate for attorneys' fees in a typical TCPA class action is 30% for the first $10 million recovered. *Id.* at 804. This Court has also reviewed the *Wilkins* data specific to the Ninth Circuit, which comprises twenty-five cases. *See Wilkins*, 1:14-cv-0190-JFH, Dkt. 109-1 at 49–74. By the Court's calculation, in the Ninth Circuit cases with recoveries of $10 million or less, the median rate for attorneys' fees is 25% and the mean rate is 26.8%. *See* Appendix A (collecting cases). These rates correspond with the benchmark rate in this Circuit.

Under the circumstances of this case, the Court finds that 30% of the settlement fund represents a fair and reasonable fee award. As the Court noted during the final settlement hearing, class counsel obtained an extraordinarily good result for the class

following an arm's-length negotiation. Under the approved settlement, class members will receive as much as they would have received had they successfully litigated their claims under the TCPA. *See* 47 U.S.C. § 227(b)(3) (providing $500 in statutory damages for each violation, and up to treble damages for willful violations). This recovery is significantly superior to other TCPA class action settlements that have been approved in this Circuit and justifies an upward departure from the 25% benchmark rate. *See, e.g.*, *Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) ($20 to $40 per claimant); *Arthur v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 4075238, at *1 (W.D. Wash. Sept. 17, 2012) (over $100 per claimant); *Grannan v. Alliant Law Grp., P.C.*, No. 5:10-cv-02803-HRL, 2012 WL 216522, at *7 (N.D. Cal. Jan. 24, 2012) ($300–$325 per claimant). At the same time, in the Court's experience, TCPA cases are more straightforward and less factually intensive than products liability or other class actions. Moreover, as explained by Judge Holderman, the base rate for attorneys' fees in a typical TCPA class action is 30% for the first $10 million recovered. *See In re Capital One*, 80 F. Supp. 3d at 804. Given these factors, the Court awards class counsel $750,000 in attorneys' fees, which represents 30% of the settlement fund.[1]

**B. Expenses**

Ikuseghan also seeks reimbursement for the out-of-pocket expenses class counsel incurred during litigation. Dkt. 65 at 7. "The Ninth Circuit allows recovery of pre-

---

[1] The Court is not making a finding that class counsel's hourly rates are reasonable under the lodestar method.

settlement litigation costs in the context of class action settlement." *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329 (W.D. Wash. 2009) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003)). The Court has reviewed class counsel's expenses, which total $26,986.90.[2] *See* Stephens Dec., Ex. 2. After reviewing these records, the Court concludes the requested expenses are reasonable and relevant to the litigation. *See Pelletz*, 592 F. Supp. 2d at 1329.

**C. Incentive Award**

Finally, Ikuseghan seeks an incentive award for serving as class representative. Dkt. 65 at 20–21. Incentive awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). "The trial court has discretion to award incentives to the class representatives." *Pelletz*, 592 F. Supp. 2d at 1329. Although on the higher end, the Court finds an incentive award of $15,000 is reasonable to compensate Ikuseghan for her contributions as class representative.

## III. ORDER

Therefore, it is hereby **ORDERED** that Ikuseghan's motion for attorneys' fees, expenses, and incentive award (Dkt. 65) is **GRANTED**. The Court awards class counsel

---

[2] Ikuseghan's proposed order submitted with her supplemental brief contains an increased amount of expenses, *see* Dkt. 75-1 at 6, but Ikuseghan did not provide the Court with additional briefing and documentation to support this increase.

$750,000 in attorneys' fees and $26,986.90 in expenses. The Court also approves a $15,000 incentive award for Ikuseghan. These amounts shall be distributed subject to the terms, conditions, and obligations of the settlement agreement.

Dated this 16th day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge

**APPENDIX A**

**Ninth Circuit TCPA Settlement Data**
Source: *Wilkins v. HSBC Bank Nev., N.A.*, 1:14-cv-0190-JFH, Dkt. 109-1 at 49–74 (N.D. Ill. Dec. 8, 2014).

| Case Name and Court Info | Total Settlement Recovery | Attorneys' Fee Award | Attorneys' Fee Ratio |
|---|---|---|---|
| *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH (S.D. Cal.) | $9,000,000 | $2,700,000 | 30% |
| *Agne v. Papa John's Int'l*, No. 2:10-cv-01139-JCC (W.D. Wash.) | $16,585,000 | $2,450,000 | 15% |
| *Arthur v. Sallie Mae, Inc.*, No. 2:10-cv-00198-JLR (W.D. Wash.) | $24,150,000 | $4,830,000 | 20% |
| *Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413-W-AJB (S.D. Cal.) | $950,000 | $299,254 | 31.5% |
| *Chesbro v. Best Buys Stores, L.P.*, No. 2:10-cv-00774-RAJ (W.D. Wash.) | $4,550,000 | $1,137,500 | 25% |
| *Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915-JCC (W.D. Wash.) | $3,809,988 | $301,834 | 7.9% |
| *Cubbage v. The Talbots, Inc.*, No. 2:09-cv-00911-BHS | $1,570,000 | $400,000 | 25.5% |

| | | | |
|---|---|---|---|
| (W.D. Wash.) | | | |
| *Ellison v. Steve Madden, Ltd.*, No. 2:11-cv-05935-PSG (C.D. Cal.) | $10,000,000 | $1,250,000 | 12.5% |
| *Grannan v. Alliant Law Grp., P.C.*, No. 5:10-cv-02803-HRL (N.D. Cal.) | $1,000,000 | $250,000 | 25% |
| *Gutierrez v. Barclays Grp.*, No. 3:10-cv-01012-DMS (S.D. Cal.) | $8,184,875 | $1,574,000 | 19.2% |
| *Hovila v. Tween Brands, Inc.*, No. 2:09-cv-00491-RSL (W.D. Wash.) | $4,500,000 | $750,000 | 16.7% |
| *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, No. 3:11-md-02261-JM (S.D. Cal.) | $39,883,585 | $4,750,000 | 11.9% |
| *Kazemi v. Payless ShoeSource, Inc.*, No. 3:09-cv-05142-MHP (N.D. Cal.) | $10,000,000 | $1,250,000 | 12.5% |
| *Kramer v. Autobytel, Inc.*, No. 4:10-cv-02722-CW (N.D. Cal.) | $12,200,000 | $3,050,000 | 25% |
| *Kwan v. Clearwire Corp.*, No. 2:09-cv-01392-JLR (W.D. Wash.) | $6,300,000 | $2,900,000 | 46% |

| | | | |
|---|---|---|---|
| *Lemieux v. Global Credit & Collection Corp.*, No. 3:08-cv-01012-IEG (S.D. Cal.) | $505,000 | $193,884 | 38.4% |
| *Lo v. Oxnard European Motors, LLC*, No. 3:11-cv-01009-JLS (S.D. Cal.) | $49,100 | $12,275 | 25% |
| *Malta v. Freddie Mac & Wells Fargo Home Mortg.*, No. 3:10-cv-01290-BEN (S.D. Cal.) | $17,100,000 | $3,847,500 | 22.5% |
| *Meilleur v. AT&T Corp.*, No. 2:11-cv-01025-MJP (W.D. Wash.) | $973,905 | $750,000 | 77% |
| *Palmer v. Sprint Solutions, Inc.*, No. 2:09-cv-01211-JLR (W.D. Wash.) | $5,500,000 | $1,540,000 | 28% |
| *Pimental v. Google, Inc.*, No. 4:11-cv-02585-YGR (N.D. Cal.) | $6,000,000 | $1,500,000 | 25% |
| *Robles v. Lucky Brand Dungarees*, No. 3:10-cv-04846-MMC (N.D. Cal.) | $9,900,000 | $2,400,000 | 24.2% |
| *Sarabi v. Weltman, Weinberg & Reis Co.*, No. 3:10-cv-01777-AJB | $1,350,000 (not a common fund) | $225,000 | 16.6% |

| | | | |
|---|---|---|---|
| (S.D. Cal.) | | | |
| *Satterfield v. Simon & Schuster*, No. 4:06-cv-02893-CW (N.D. Cal.) | $10,000,000 | $2,500,000 | 25% |
| *Steinfeld v. Discover Fin. Servs.*, No. 3:12-cv-01118-JSW (N.D. Cal.) | $8,700,000 | $2,175,000 | 25% |